a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELTON MARTIN (#167030), <br> Plaintiff | CIVIL ACTION NO. 1:17-CV-1112-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN SANDY MCCAIN, ET AL., <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Elton Martin ("Martin") (#167030). Martin has been granted leave to proceed *in forma pauperis*. (Doc. 8). Martin is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Martin names as defendants Warden Sandy McCain, Medical Director Sandra Sibley, Dr. McVay, and Nurse Victoria. Martin complains he was denied adequate medical care, is being subjected to unconstitutional conditions of confinement and violations of the Americans with Disabilities Act ("ADA").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  **Background**

Martin states he is a double amputee. While Martin was attempting to shower in the Cajun 1 - A1 tier using a non-accessible shower chair, he fell and hit his head on the floor and suffered a temporary loss of consciousness. (Doc. 1, p. 3). Martin complains that he has fallen on a prior occasion because of the shower condition. Martin has requested an accessible shower chair, but Defendants have failed to provide one.

Martin also complains Defendants changed his pain medication from Neurontin to Cymbalta and Tylenol, but the new medication does not relieve the nerve pain resulting from his amputations. (Doc. 1, p. 4; Doc. 1-2, p. 5).

II. **Law and Analysis**

    A.  **Martin's complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

Martin is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Martin's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Martin's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Martin cannot show deliberate indifference to serious medical needs regarding the change in medication.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). A disagreement with the course of treatment does not state a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Martin does not allege he was denied medical care. Martin complains his medication was changed from Neurontin to Cymbalta. Martin's disagreement with his medical treatment does not amount to a constitutional claim. See id.

## III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Martin's claim against Dr. McVay, Sandra Sibley, and Nurse Victoria, regarding the change in medication be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A. Martin's § 1983 and ADA claims regarding the non-accessible shower will be served on Warden McCain pursuant to a separate court order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __28th__ day of November, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

5