e

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELTON MARTIN, (#167030)<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-01112-P |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| WARDEN SANDY MCCAIN<br>Et al, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a "Rule 12(B)(1) and 12(B)(6) Motion to Dismiss" (Doc. 16) filed by Defendants the State of Louisiana through the Department of Corrections and Warden Sandy McCain.[1] In their motion, Defendants move to have Plaintiff Elton Martin's Complaint dismissed based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. As of this date, no opposition to the motion has been filed. Because the motion should be granted, the Complaint against Warden McCain and the State of Louisiana should be dismissed at Martin's cost.

I. Background

Martin is an inmate in the custody of the Louisiana Department of Corrections incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Martin states he is a double amputee. He complains that he was denied

---

[1] Defendants Dr. McVay, Sandra Sibley, and Nurse Victoria were dismissed with prejudice on January 24, 2018. (Doc. 12).

1

adequate medical care and is being subjected to unconstitutional conditions of confinement and violations of the Americans with Disabilities Act. ("ADA").

Martin requests that the shower area be fixed to accommodate the disabled and be made handicap accessible according to ADA guidelines. Martin further seeks monetary damages of $250,000 for pain and suffering as a result of Defendants' negligence, reckless disregard, and guideline violations pertaining to the ADA.

Specifically, Martin alleges that while attempting to shower in the Cajun 1 – A1 tier using a non-accessible shower chair, he fell and hit his head on the floor causing a temporary loss of consciousness. (Doc. 1, p. 3.) Martin complains that the shower chair was defective. Therefore, he asserts that the shower was not handicap accessible as required by the ADA. Martin alleges that the prison's failure to provide him with an accessible environment shows deliberate indifference.

## II.   Law and Analysis

### A. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Robinson v. TCI/US West Communications, Inc., 117 F.3d 900, 904 (5th Cir. 1997) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. May 1981)).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986).

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), a court must take all well-pleaded factual allegations as true and must view them in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted). A motion to dismiss for failure to state a claim should be denied unless "it appears to a *certainty* that the plaintiff would be entitled to no relief under any state of facts" alleged in the petition. Banco Contintental v. Curtiss Nat'l Bank of Miami Springs, 406 F.2d 510, 514 (1969) (quoting Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962)(citing Des Isles v. Evans, 200 F.2d 614, 615 (5th Cir. 1952); Millet v. Godchaux Sugars, Inc., 241 F.2d 264, 265 (5th Cir. 1957)).

Only those facts which are well-pleaded and state a "plausible claim for relief" must be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007). A claim is plausible when a court can reasonably infer from the facts that the defendant is liable to the plaintiff; a claim is not plausible when it only states conclusions or a "formulaic recitation of the elements of a cause of action." Whitley v. Hanna, 726 F.3d 631, 638 (2009) (quoting Ashcroft, 556 U.S. at 678). However, even those facts which are extremely doubtful are to be assumed correct. Twombly, 550 U.S. at 555; Lindquist v. City of Pasadena, 525 F.3d 383, 386 (5th Cir. 2008).

B.    Martin is barred from seeking damages against Warden McCain in his official capacity.

Martin seeks monetary damages against Warden McCain in his official capacity. The Eleventh Amendment bars a state's citizens from filing suit for monetary damages against a state, its agencies, and its employees in federal court. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2011); Auguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). Accordingly, this Court lacks subject matter jurisdiction to hear claims for monetary damages brought against Warden McCain in his official capacity.

C.    Plaintiff has failed to state a claim upon which relief can be granted.

In his Complaint, Plaintiff alleges violations of the ADA and 42 U.S.C. § 1983.

1.    ADA

The ADA is a federal anti-discrimination statute designed "[t]o provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." Rizzo v. Children's World Learning Centers, Inc., 173 F.3d 254, 261 (5th Cir. 1999). A plaintiff need not identify a policymaker or an official

4

policy for claims asserted under the ADA. Delano-Pyle v. Victoria County, Tex., 302 F.3d 567, 575 (2002). However, a plaintiff asserting a private cause of action for violations of the ADA may only recover compensatory damages upon a showing of intentional discrimination. Carter v. Orleans Parish Pub. Sch., 725 F.2d 261, 264 (5th Cir. 1984).

Martin must first establish a *prima facie* case by proving the following three elements: (1) Martin is a qualified individual within the meaning of the ADA; (2) Martin was excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination is by reason of his disability. Melton v. Dallas Area Rapid Transit, 391 F.3d 669, 671-72 (5th Cir. 2004).

Defendants maintain that Martin cannot meet the second and third elements. Specifically, Martin cannot prove that he was denied a benefit which necessarily means that there was no discrimination due to his disability. Defendants point out that Martin complains that the shower was not "properly fixed" to accommodate the disabled. Defendants argue that Martin's allegation admits that the accommodation of a shower chair was provided for him. As to Warden McCain, there are no facts alleged in the Complaint that Warden McCain had any specific involvement or knew that there was allegedly a defect with the shower chair. The Court finds that Martin has failed to establish that he was denied benefits under the ADA and/or that he was discriminated against because of his disability.

### 2. 42 U.S.C. § 1983

Martin's claims under § 1983 for violations of his rights under the ADA imposes liability on anyone who under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." Blessing v. Freestone, 520 U.S. 329, 340, 117 S.Ct. 1353 (1997). The § 1983 remedy encompasses violations of rights secured by federal statutory as well as constitutional law. Maine v. Thiboutot, 448 U.S. 1, 4, 100 S.Ct. 2502 (1980). Hence, "a plaintiff must assert the violation of a federal right, not merely a violation of federal law." Equal Access for El Paso, Inc. v. Hawkins, 509 F.3d 697, 702 (5th Cir. 2007) (quoting Blessing, 520 U.S. at 340, 117 S.Ct. 1353.

Under § 1983, Martin must: (1) allege a violation of a right secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Whitely v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013) (quoting James v. Tex. Collin County, 535 F.3d 365, 373 (5th Cir. 2008)).

To establish personal or individual liability, "it is not enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358 (1991). More is required for liability in official capacity claims. "[T]he entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985).

Furthermore, because liability under § 1983 may not be predicated on the doctrine of *respondeat superior,* only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018 (1978).

Martin has not alleged nor shown that the alleged defective shower chair was part of the RLCC "policy or custom." Thus, the Complaint fails to state a claim for which this Court can grant relief.

### 3. Qualified Immunity

Defendant Warden McCain maintains that he is entitled to qualified immunity. Government officials performing discretionary functions, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982). Qualified immunity allows officials the freedom to exercise fair judgment, protecting "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Actions and decisions made by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity. Alton v. Texas A&M University, 168 F.3d 196, 201 (5th Cir. 1999). Qualified immunity is immunity from suit and an entitlement not to stand trial or face the other burdens of litigation. Pearson v. Callahan, 555 U.S. 223, 232 (2009).

There are two inquiries for a court to make when a defendant asserts he is entitled to qualified immunity: (1) whether the plaintiff has alleged the violation of a constitutional right; and (2) whether the law was clearly established at the time of the defendant's conduct. <u>Siegert v. Gilley</u>, 500 U.S. 226, 231 (1991).

Defendant argues that Martin has failed to specifically allege how the alleged defective shower chair, which was provided as an accommodation, was in violation of a constitutional right. Martin has not shown that McCain or any of his employees knew that the handicap assistance chair was defective. Thus, Martin has not shown a violation of a constitutional right.

Furthermore, taking Martins' complaint as true for purposes of this motion, Martin has failed to show that McCain's actions or inactions rose to the level of conduct which a reasonable person would have known to be unlawful. Hence, because there is nothing in the Complaint to suggest that McCain knew or should have known that the shower chair was defective, McCain is entitled to qualified immunity.

### III. <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 16) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) be **GRANTED,** and Martin's claims against Defendants the State of Louisiana through the Department of Corrections and Warden Sandy McCain be **DENIED** and **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __30th__ day of __November__, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge